Citation Nr: 1527849 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 11-04 000 ) DATE
 )
 )

Received from the
Department of Veterans Affairs (VA) Regional Office (RO)
in San Diego, California


THE ISSUE

Entitlement to a rating in excess of 30 percent for total knee arthroplasty, fracture, right femur, supracondyle (patella), with residual scar.


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

David A. Brenningmeyer, Counsel



INTRODUCTION

The Veteran served on active duty in the U.S. Marine Corps from March 1969 to March 1971, and in the U.S. Army from July 1979 to June 1989.

This appeal to the Board of Veterans' Appeals (Board) arose from a March 2010 rating decision entered by the RO in Huntington, West Virginia, and issued by the RO in San Diego, California, which, inter alia, denied a rating in excess of 30 percent for total knee arthroplasty, fracture, right femur, supracondyle (patella), with residual scar. In May 2010, the Veteran filed a notice of disagreement (NOD). A statement of the case (SOC) was issued in November 2010, and the Veteran filed a substantive appeal (via a VA Form 9, Appeal to the Board of Veterans' Appeals) in January 2011.

In September 2014, the Veteran testified during a Board video-conference hearing before the undersigned Veterans Law Judge at the RO. A transcript of that hearing is of record.

In November 2014, the Board remanded the claim on appeal to the agency of original jurisdiction (AOJ) for further action, to include additional development of the evidence. After taking further action, the AOJ continued to deny the claim (as reflected in a February 2015 supplemental SOC (SSOC)) and returned this matter to the Board for further appellate consideration.

As the Board noted in November 2014, the Veteran granted a power-of-attorney in favor of the Virginia Department of Veterans Services (VDVS) with regard to the claim on appeal in November 2009, when he resided in Virginia. However, he later moved to California, where he still resides. Because he no longer resides in Virginia, the power-of-attorney in favor of VDVS in no longer valid. During the September 2014 Board hearing, the Veteran confirmed that he did not have a current representative, and that he wished to proceed without one. 

The Board notes that this appeal is now being processed utilizing the paperless, electronic Virtual VA and Veterans Benefits Management System (VBMS) claims processing systems.

For the reasons expressed below, the matter on appeal is again being remanded to the AOJ. VA will notify the Veteran when further action, on his part, is required.


REMAND

Unfortunately, the Board finds that further AOJ action on the claim on appeal is warranted, even though such will, regrettably, further delay an appellate decision on this matter.

After the February 2015 SSOC was issued, the AOJ associated with the record the report of a May 2015 VA examination pertaining to conditions of the knee and lower leg. Although the examination was aimed primarily at the left lower extremity, it also contained findings pertaining to the right lower extremity, to include findings pertaining to muscle strength, atrophy, recurrent subluxation, and lateral instability. The report is therefore relevant to the matter on appeal.

No waiver of initial AOJ consideration of this additional, relevant evidence has been received. See 38 C.F.R. § 20.1304 (2014). Under the circumstances of this case, the Board must remand this matter to the AOJ for consideration of the additionally-received evidence, in the first instance, and, if the claim on appeal remains denied, for issuance of an SSOC reflecting consideration of such evidence.

Prior to re-adjudicating the claim, to ensure that all due process requirements are met, and the record is complete, the AOJ should obtain and associate with the claims file all outstanding pertinent records.

Although the evidence reflects that the Veteran resided in Virginia from the summer of 2009 to late 2010/early 2011, and that he reported receiving treatment at the VA Medical Center (VAMC) in Hampton, Virginia, there are no reports of record from that facility dated any later than November 12, 2009. Similarly, while the evidence reflects that the Veteran moved to California in late 2010/early 2011, and that he reported receiving treatment at the VAMC in San Diego, California, there are no clinical reports from that facility dated prior to July 8, 2011. In addition, records of the Veteran's treatment through the San Diego VAMC were last associated with the record on February 13, 2015; hence, more recent medical records from this facility may exist.

The Board emphasizes that records generated by VA facilities that may have an impact on the adjudication of a claim are considered constructively in the possession of VA adjudicators during the consideration of a claim, regardless of whether those records are physically on file. See Dunn v. West, 11 Vet. App. 462, 466-67 (1998); Bell v. Derwinski, 2 Vet. App. 611, 613 (1992). Hence, the AOJ should obtain from the above-noted facilities all outstanding, pertinent records of VA evaluation and/or treatment of the Veteran, to include any such records from the Hampton VAMC dated later than November 12, 2009, and any such records from the San Diego VAMC dated between 2010 and July 8, 2011, and after February 13, 2015. The AOJ should follow the current procedures prescribed in 38 C.F.R. § 3.159(c) as regards requests for records from Federal facilities.

The AOJ should also give the Veteran another opportunity to provide additional information and/or evidence pertinent to the claim on appeal, explaining that he has a full one-year period for response. See 38 U.S.C.A. § 5103(b)(1) (West 2014); but see also 38 U.S.C.A. § 5103(b)(3) (clarifying that VA may make a decision on a claim before the expiration of the one-year notice period). Thereafter, the AOJ should attempt to obtain any additional evidence for which the Veteran provides sufficient information, and, if needed, authorization, following the current procedures prescribed in 38 C.F.R. § 3.159 (2014).

The actions identified herein are consistent with the duties imposed by the Veterans Claims Assistance Act of 2000 (VCAA). See 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2014). However, identification of specific actions requested on remand does not relieve the AOJ of the responsibility to ensure full compliance with the VCAA and its implementing regulations. Hence, in addition to the actions requested above, the AOJ should also undertake any other development and/or notification action deemed warranted by the VCAA prior to adjudicating the claim on appeal.

Accordingly, this matter is hereby REMANDED for the following action:

1. Obtain from the Hampton VAMC any outstanding, pertinent records of evaluation and/or treatment of the Veteran dated later than November 12, 2009, and any such records from the San Diego VAMC dated between 2010 and July 8, 2011, and after February 13, 2015. Follow the procedures set forth in 38 C.F.R. § 3.159(c) with respect to requesting records from Federal facilities. All records/responses received should be associated with the claims file.

2. Furnish to the Veteran a letter requesting that he provide information and, if necessary, authorization, to enable the AOJ to obtain any additional evidence pertinent to the claim on appeal that is not currently of record.
 
Clearly explain to the Veteran that he has a full one-year period to respond (although VA may decide the claim within the one-year period).

3. If the Veteran responds, obtain all identified evidence not currently of record, following the procedures set forth in 38 C.F.R. § 3.159 (2014). All records/responses received should be associated with the claims file. If any records sought are not obtained, notify the Veteran of the records that were not obtained, explain the efforts taken to obtain them, and describe further action to be taken.

4. To help avoid future remand, ensure that all requested actions have been accomplished (to the extent possible) in compliance with this REMAND. If any action is not undertaken, or is taken in a deficient manner, appropriate corrective action should be undertaken. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

5. After completing the requested actions, and any additional notification and/or development deemed warranted, adjudicate the matter on appeal in light of all pertinent evidence (to particularly include all the evidence added to the record since the last adjudication in the February 2015 SSOC, to include the May 2015 VA examination report pertaining to conditions of the knee and lower leg, and any additional treatment records received) and legal authority.

6. If the benefit sought on appeal remains denied, furnish to the Veteran an appropriate SSOC that includes clear reasons and bases for all determinations, and afford him the appropriate time period for response before the record is returned to the Board for further appellate consideration.

The purpose of this REMAND is to afford due process and to accomplish additional development and adjudication; it is not the Board's intent to imply whether the benefit requested should be granted or denied. The appellant need take no action until otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This REMAND must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
JACQUELINE E. MONROE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2014).